# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>JOEL RENDON, MARIO JAQUES )<br>and JACKIE KNIGHT, )<br>)<br>Defendants. ) | Case No. CR-19-372-F |
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>GONZALO BAEZA, EDUARDO )<br>ROSALES and WILLIE POTTER, )<br>)<br>Defendants. ) | Case No. CR-19-373-F |

## FINDINGS PURSUANT TO SPEEDY TRIAL ACT

On March 22, 2021, the court set these cases for trial on the August, 2021 jury trial docket. By way of background, the court entered an order on January 5, 2021, striking the trial for the reasons stated in that order. The court stated in the January 5 order that it would "hold a scheduling conference as soon as the pandemic situation has clarified to the point that further scheduling can be accomplished with reasonable confidence." Consistent with that, a scheduling conference was held on March 22. The court heard representations of defense counsel as to the scheduling-related needs of counsel, as determined in light of the defendants' right to effective assistance of

counsel. The court credits those representations and adopts those representations as its findings. Accordingly, this order is entered pursuant to the applicable provisions of the Speedy Trial Act, as more fully set forth below.

<u>Ends of justice</u>. The relevant provisions of the Speedy Trial Act, specifically 18 U.S.C. § 3161(h)(7)(A), exclude from the speedy trial calculation any period of delay resulting from a continuance granted by any judge if the judge finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. The court quite easily finds that the ends of justice are served by continuing the trial of this case[1] to the August jury docket, so as to allow the defendants to properly prepare their defenses to the charges in the indictment and that the ends of justice outweigh the best interest of the public and the defendants in a speedy trial. The court further finds that the resulting period of delay is excludable for purposes of the Speedy Trial Act, under 18 U.S.C. § 3161(h)(7), on the basis that the failure to grant a continuance would deny counsel for defendants the time reasonably necessary for effective preparation, taking into account the exercise of due diligence.

<u>Pandemic</u>. Aside from the foregoing considerations, and on the basis of the threat the pandemic poses to the health of the public, litigants (including criminal defendants), jurors, witnesses, officers of the court, court staff and other individuals whose responsibilities normally entail direct personal involvement with proceedings in this court, the court also quite easily finds that the ends of justice served by taking this action outweigh the best interest of the public and the defendants in a speedy trial. The recent decrease in the incidence of COVID infections (and in the positivity rate) in the geographic area from which this court draws its jury pool, while

---

[1] For convenience, these cases are referred to in the singular.

promising, does not substantially alleviate the concerns attendant to a trial of this case within the next four months.

Under the Sixth Amendment, and aside from Speedy Trial Act considerations, the court, in the discharge of its duty to protect the defendants' constitutional right to a speedy trial, takes into account:  (1) the length of the delay, (2) the reason for the delay, (3) whether the defendants have asserted their right to a speedy trial, and (4) whether the delay will prejudice the defendants.  Barker v. Wingo, 407 U.S. 514, 530 (1972).  Taking these factors into account, the court finds that the delay attendant to setting this case for trial on the August docket is compellingly justified for the public health reasons referred to above.

The court is aware of no circumstances, specific to this case, that would suggest that the delay contemplated by this order will be prejudicial to the defendants.  To the contrary, and to take but one example, the court opines that it would be prejudicial to the defendants, and potentially violative of the defendants' constitutional right to effective assistance of counsel, to put defendants' counsel in the position of having to prepare for trial–with the necessity of personal interaction with witnesses and others–in the face of the serious health risks which remain prevalent in the community.  In this regard, the court notes the *Statement of Principles* adopted by the Executive Committee of the National Association of Criminal Defense Lawyers.  That document states, as relevant here:

> 4. *Criminal Proceedings Require That Conditions Are Restored That Ensure Defense Counsel Can Meet Their Sixth Amendment Obligations, Including the Conditions Necessary for Robust, Ethical Attorney-Client Relationships.*
> . . . .
> Conflict-free representation is not possible when defense counsel are placed at risk of infection and fear contagion.  Fear of transmission on the part of client or counsel fatally undermines the trust and communication necessary to establish and maintain an attorney-client relationship.  The accused cannot make intelligent and informed

choices, including the decision to plead guilty, absent such a relationship.

5. *Criminal Proceedings Require That Conditions Are Restored That Ensure Effective Representation by Conflict-Free Defense Counsel.* Criminal proceedings require that defense counsel are able to meet their Sixth Amendment obligations including defense investigation and representation free of conflicts, including balancing personal health concerns against the needs of representation. Such representation is not possible where defense counsel and others, such as the families and staff of defense counsel, are placed at risk of infection.

The court also expresses its expectation and confidence that the government and its agents will take no action which, by virtue of the passage of time, would impair the defendants' right to effective assistance of counsel and to a fair trial. By the same token, the court expresses its expectation and confidence that counsel for the defendants will, without delay, bring to the attention of the court any actual or impending developments or circumstances which would, as a result of the delay contemplated by this order, jeopardize the constitutional or statutory rights of the defendants.

IT IS SO ORDERED this 25th day of March, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0373p044.docx